IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:09-CR-045 |
| | ) | |
| KELLY MILLER | ) | |

**MEMORANDUM AND ORDER**

Following a four-week, seven-codefendant jury trial, defendant Kelly Miller was found guilty on counts one and two of the third superseding indictment. Now before the court is defendant Miller's "Motion for a Judgment of Acquittal" [doc. 647]. The government has responded in opposition to the motion [doc. 679], and the defendant has not replied. For the reasons that follow, the motion will be denied.

*I.*

*Background and Authority*

The third superseding indictment charged the defendant with conspiring to distribute and possess with the intent to distribute cocaine (count one), aiding and abetting the possession with intent to distribute cocaine (count two), and aiding and abetting the possession with intent to distribute marijuana (count four). The defendant moved for acquittal at the close of the government's proof at trial, and again at the close of all the proof. Both requests were denied, and the defendant's renewed motion is now before the court.

A Rule 29(c) motion for judgment of acquittal challenges the sufficiency of the evidence. *See* Fed. R. Crim. P. 29(a), (c). When reviewing a sufficiency of the evidence

claim, the court "must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). The court does not weigh the evidence, consider witness credibility, or substitute its judgment for that of the jury. *United States v. Chavis*, 296 F.3d 450, 455 (6th Cir. 2002). "A defendant making such a challenge bears a very heavy burden." *United States v. Tocco*, 200 F.3d 401, 424 (6th Cir. 2000).

*II.*

*Analysis*

A. Credibility

The defendant (who ironically testified in material part, "I'm not trustworthy") now primarily attacks the credibility of other witnesses who testified at trial. However, "[s]ufficiency-of-the-evidence appeals are no place . . . for arguments regarding a government witness's lack of credibility." *United States v. Hernandez*, 227 F.3d 686, 694-95 (6th Cir. 2000) (citations and quotations omitted). Quite simply, the defendant's credibility complaints are not grounds for acquittal.

B. Corroboration

The defendant complains that the testimony of certain codefendants and accomplices was not corroborated. However, the court correctly instructed the jurors that the testimony of such witnesses should be considered "with more caution than the testimony

2

of other witnesses. Do not convict a defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt." "[I]t is well-settled that uncorroborated testimony of an accomplice may support a conviction in federal court." *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999).

## C. Sufficiency of the Evidence

As noted, count one of the third superseding indictment charged that the defendant was part of a conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine. The government had the burden at trial of proving beyond a reasonable doubt: (1) an agreement to violate the drug laws; (2) knowledge of, and intent to join, the conspiracy; and (3) participation in the conspiracy. *Gardner*, 488 F.3d at 710. As to count two, aiding and abetting the possession with intent to distribute 500 grams or more of cocaine, the government bore the burden of proving "(1) an act by the defendant that contributes to the commission of the crime, and (2) an intention to aid in the commission of the crime." *United States v. Harris*, 397 F.3d 404, 415 (6th Cir. 2005). A rational jury could easily have found all of these elements satisfied by the proof presented at trial.

During three weeks of proof, the jurors were presented with a substantial amount of wiretap and documentary evidence. The jurors also heard the testimony of codefendant Jamie Rush and investigating agent Brian Vicchio, among others, regarding the nature and extent of the conspiracy. A rational trier of fact could easily have found the existence of a cocaine distribution conspiracy.

3

The government similarly met its burden regarding the defendant's knowledge, intent, actions, and participation. For example, Rush testified that codefendant Maddox brought the defendant to this area to assist in the distribution of cocaine. An intercepted phone call was played for the jurors in which Maddox instructed the defendant to sell an amount of cocaine to "Grovie," and Rush testified that he saw the defendant pay Maddox a sum of money after confirming that he had seen "Grovie." Kim Campbell testified that the defendant accompanied her on a trip to deliver duffel bags to New York. As cited in the government's response brief, evidence was presented regarding the defendant's involvement around the time that Maddox's residence was searched on May 7, 2009. A rational trier of fact could have found the essential elements of counts one and two beyond a reasonable doubt. The defendant's sufficiency-of-the-evidence argument therefore fails.

### D. Inconsistent Verdicts

The jury returned a not guilty verdict as to the defendant on count four, aiding and abetting the possession with intent to distribute marijuana. The defendant argues that the jury must have therefore been "confused" on count two, because "the testimony which purportedly supported the jury's finding with respect to Count 4 were [sic] precisely identical to that which purportedly supported the jury's finding with respect to Count 2."

The defendant is incorrect. A substantial amount of cocaine was found in codefendant Ebberts' vehicle during the May 7 search, as opposed to a relatively insignificant amount of marijuana. Regardless, counts two and four did not involve mutually exclusive

4

crimes, and "inconsistent verdicts do not give rise to a sufficiency of the evidence challenge, with the possible exception of a guilty verdict on mutually exclusive crimes." *United States v. McCall*, 85 F.3d 1193, 1198 (6th Cir. 1996) (citing *United States v. Powell*, 469 U.S. 57, 67-69 (1984)). Acquittal on count two is therefore not warranted simply because of the acquittal on count four.

### E. Perjury

The defendant concludes his motion with a string citation relating to a prosecutor's knowing use of false testimony. The insinuation that perjured testimony was knowingly offered by the government in this case is wholly unsupported and warrants no further discussion. *United States v. Layne*, 192 F.3d 556, 566-67 (6th Cir. 1999).

### III.

### *Conclusion*

For the reasons provided herein, the defendant's "Motion for a Judgment of Acquittal" [doc. 647] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

                        s/ Leon Jordan
                United States District Judge